UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALEN ROGERS, | Case No. 2:22-cv-00873-JDP (SS) |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 15 & 19. For the reasons discussed below, the court grants plaintiff's motion, denies the Commissioner's motion, and remands this matter for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to

support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging disability beginning September 1, 2019. Administrative Record ("AR") 234-47. After his applications were denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). AR 55-91, 174-82, 185-94. On August 4, 2021, the ALJ issued a decision finding that plaintiff was not disabled. AR 15-30. Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2021.

2. The claimant has not engaged in substantial gainful activity since September 1, 2019, the alleged onset date.

2

\* \* \*

3. The claimant has the following severe impairments: ulcerative colitis, major depressive disorder, and unspecified anxiety disorder.

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can frequently climb ramps and stairs and occasionally climb ladders, ropes, or scaffolds. He can frequently stoop, kneel, crouch, and crawl. He can understand, remember, and carry out simple and some detailed tasks. He can maintain concentration, persistence and pace for short and simple tasks. He can adapt appropriately to routine changes in the work setting that occur no more than occasionally. He requires up to four unscheduled bathroom breaks, lasting up to five minutes each, in addition to regularly scheduled breaks.

\* \* \*

6. The claimant is unable to perform any past relevant work.

\* \* \*

7. The claimant was born [in] 1997 and was 22 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education.

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

3

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2019, through the date of this decision.

AR 934-47 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-5. Plaintiff now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Analysis

Plaintiff's sole argument is that the ALJ improperly discounted his subjective symptom testimony without providing clear and convincing reasons for doing so. ECF No. 15 at 10-17. The court agrees and finds that remand for further proceedings is appropriate.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement, the ALJ can reject his symptom testimony only by offering specific, clear, and convincing reasons for doing so. *Id.* "This is not an easy requirement to meet: the clear and convincing standard is the most demanding required in Social Security cases." *Id*. The ALJ's reasons must also be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

At the hearing, plaintiff testified that, due to his ulcerative colitis, he frequently uses the restroom and has had accidents when being too far away from a bathroom. AR 68. Plaintiff reported that Entyvio infusion treatment, which he received for nine months starting in November 2020, provided some improvement with bowel control and the need to urgently use the bathroom. AR 73. However, he explained that "it did not help much at all with the pain" or "the frequency of . . . bathroom visits." AR 74. Plaintiff also testified that even with infusion treatment, he still needed to use the restroom at least six times a day, AR 79, and that he was unable to predict when he will need to use the restroom. AR 82.

In a functional report, plaintiff stated that all physical activity causes pain and increases the frequency of his need to use the restroom. AR 292. He reported that, notwithstanding his pain, he can prepare simple meals, perform household chores, and lift twenty to thirty pounds. AR 294, 297.

In her decision, the ALJ offered three reasons for discounting plaintiff's testimony: (1) plaintiff's treatment symptoms improved with conservative treatment; (2) his subjective complaints were inconsistent with his reported daily activities; and (3) his testimony was entirely consistent with the medical evidence. AR 23-25.

The ALJ's first reason—that plaintiff improved with conservative treatment—does not support her adverse credibility determination. As an initial matter, plaintiff's correctly argues that plaintiff's treatment—which included Entyvio infusions and prescriptions for steroids, muscle relaxers, and anti-nausea and narcotic pain medication, *see* AR 359, 400, 429, 488, 724—cannot fairly be characterized as conservative, *see M.E. v. Kijakazi*, No. 2:20-cv-09710-SJK, 2022 WL 1634869, at *7-8 (C.D. Cal. Mar. 23, 2022) (finding that monthly intravenous infusions, in conjunction with other medications, "does not appear to be conservative or routine . . . ."). The Commissioner does not dispute that the ALJ mischaracterized plaintiff's treatment as conservative. Nevertheless, she argues that "[e]ven if the ALJ chose the wrong word to describe that treatment, Plaintiff does not dispute that his treatment was *effective*." ECF No. 19 at 7 (emphasis in original).[1]

In her decision, the ALJ repeatedly stated that plaintiff's symptoms improved with Entyvio infusions. AR 23-25. Plaintiff's medical records, however, provide scant support for that conclusion. For instance, a January 2021 treatment note states that plaintiff had started receiving infusions and that his ulcerative colitis "was controlled with Entyvio." AR 785. A March 2021 treatment note similarly indicate that "Entyvio helped." AR 396. Like the earlier

---

[1] The ALJ also noted that at the time of the hearing, plaintiff was only taking anti-nausea medication. That finding, although true, does not accurately reflect plaintiff's treatment or support a finding that plaintiff's ulcerative colitis was managed with conservative care. At the hearing, plaintiff explained that he had recently moved and was in the process of establishing care with a new gastroenterologist.

treatment note, this record does not specify how, or the degree to which, plaintiff's symptoms improved. However, records from April 6, 2021, show that plaintiff, despite experiencing some improvement, continued to experience intermittent abdominal pain, nausea, vomiting, diarrhea, constipation, and bloody stools. AR 773. This record—the only one describing plaintiff's improvement and continued symptoms—indicates that while Entyvio provided some benefit, plaintiff's symptoms were not effectively controlled by that treatment.

The ALJ's second reason—that plaintiff's daily activities were inconsistent with his reported limitations—is not supported by substantial evidence. As observed by the ALJ, plaintiff was able to "care for his personal needs, do household chores, prepare simple meals, drive, grocery shop, play video and card games, care for his dog, and count change." AR 25. The ALJ, however, does not explain how plaintiff's testimony is inconsistent with his ability to perform these limited activities. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (holding that ALJs "must set forth the reasoning behind [their] decisions in a way that allows for meaningful review"); *see also Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (holding that an ALJ is required to "provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled" to allow for meaningful judicial review); *cf. Garrison*, 759 F.3d at 1016 ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

The ALJ's remaining reason for discounting plaintiff's subjective testimony, inconsistency with the medical evidence, cannot alone support the rejection of plaintiff's subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect our symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."); *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) ("[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged

6

severity of pain.").

Accordingly, the ALJ erred in rejecting plaintiff's testimony about his symptoms. The matter must therefore be remanded for further consideration. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler v. Comm'r of Social Sec.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 15, is granted.

2. The Commissioner's cross-motion for summary judgment, ECF No. 19, is denied.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated:   September 26, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7